IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUHAMMAD AL-AMEEN, #110046, <br> f.k.a., TERRY D. RIVERS, <br>     Plaintiff, <br> v. <br>   <br> KILBY CORRECTIONAL FACILITY, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     CIVIL ACTION NO. 2:13-CV-86-TMH <br> )                        [WO] <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Muhammad Al-Ameen ["Al-Ameen"], a state inmate, on February 4, 2013.[1] In this complaint, Al-Ameen challenges actions taken against him at the Kilby Correctional Facility in November of 2006. Al-Ameen also references actions currently occurring at the St. Clair Correctional Facility but names no defendants with respect to these claims.

Upon review of the complaint, the court concludes that this case is due to be dismissed

---

[1] Although the Clerk of this court stamped the complaint "received" on February 11, 2013, it is clear that Al-Ameen presented the complaint to prison officials for mailing prior to this date. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). A review of the documents filed with the court indicates that Al-Ameen received the requisite financial information from the business office on February 4, 2013. *Application to Proceed In Forma Pauperis - Doc. No. 2* at 4. In light of the foregoing and under the circumstances of this case, the court considers February 4, 2013 as the date of filing.

prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

### A.  Kilby Correctional Facility

Al-Ameen lists Kilby Correctional Facility as the sole defendant in this cause of action. A state correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, the plaintiff's claims against Kilby Correctional Facility are due to be summarily dismissed. *Id.*

### B.  Bar of Statute of Limitations on Kilby Claims

Al-Ameen challenges the constitutionality of actions taken against him in November of 2006 upon his transfer from the Houston County Jail to the Kilby Correctional Facility. Specifically, Al-Ameen alleges that the receiving officer would not process him into Kilby absent provision of his commitment name, Terry D. Rivers, thereby infringing upon his right to the free exercise of his religion. Al-Ameen advises that he remained at Kilby until his transfer to St. Clair on March 20, 2007.

It is clear from the face of the complaint that any claim regarding actions taken against Al-Ameen upon his transfer to Kilby is barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the

---

[2] The court granted Al-Ameen leave to proceed *in forma pauperis* in this cause of action. *Order of February 19, 2013 - Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to summarily dismiss a prisoner's civil action if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> §1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional actions about which Al-Ameen complains occurred upon his receipt at Kilby in November of 2006. Moreover, by his own admission, Al-Ameen has not been confined at Kilby since March of 2007. The tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Al-Ameen from application of the time bar.[3] Thus, the statute of limitations began to run in November of 2006 and ran uninterrupted until it expired in November of 2008. As previously noted, Al-Ameen filed the instant complaint on February 4, 2013. This filing occurred over four (4) years ***after*** expiration of the applicable period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310]

---

[3]This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates Al-Ameen was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants  the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop."  *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Al-Ameen has no legal basis on which to proceed regarding actions taken against him upon his arrival at Kilby as he filed this cause of action more than six (6) years after the challenged actions transpired.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Al-Ameen's challenges to the actions of the receiving officer during the processing of Al-Ameen at Kilby are barred by the applicable statute of limitations.[4] These claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636

---

[4] In addition, the court notes that use of an inmate's committed name in conjunction with a legally adopted religious name for the purpose of identification of the prisoner does not violate the prisoner's constitutional rights. *United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005).  Thus, the actions of the receiving officer in requiring that Al-Ameen provide his committed name for purposes of identifying Al-Ameen while processing him in to Kilby did not violate Al-Ameen's federally protected rights.

(11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Kilby Correctional Facility be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as this defendant is not a legal entity subject to suit.

2.  The claims regarding actions taken by the receiving officer during the plaintiff's processing into Kilby Correctional Facility be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

3.  The plaintiff's allegations regarding actions taken against him by officials at the St. Clair Correctional Facility be dismissed without prejudice so that the plaintiff can present these claims in a separate 42 U.S.C. § 1983 filed with the United States District Court for the Northern District of Alabama as these claims are beyond the venue of this court.

4.  This case be summarily dismissed.

It is further

ORDERED that **on or before April 17, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2013.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE